In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-342 CR


____________________



RICHARD LYNN NUCKOLS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Court No. 62,370






O P I N I O N



 Appellant Richard Lynn Nuckols pleaded guilty to the felony offense of attempted
murder. See Tex. Pen. Code Ann. §§ 15.01, 19.02 (Vernon 1994). The trial court
deferred adjudication of guilt, fined Nuckols $500, and placed him on community
supervision for ten years. After the State filed a motion to revoke probation, Nuckols
pleaded true to five violations. The trial court accepted the pleas of true, adjudicated
Nuckols' guilt, and sentenced him to ten years in the Texas Department of Criminal Justice
-- Institutional Division. He filed a notice of appeal after the adjudication of guilt in July
2000. 

 After appeal was perfected, Nuckols' retained counsel filed a brief stating he found
no arguable error and informed Nuckols of his conclusion. On October 11, 2001, this
Court gave Nuckols an opportunity to file a pro se brief if he so desired, and he has done
so. 

 We first consider Nuckols' claim that his case should be dismissed because the
reporter's record of the original plea hearing on November 16, 1992, is lost. (1) The record
before us contains the clerk's record and the reporter's record of the following
proceedings: sentencing hearing on December 14, 1992, the hearing on the motion to
revoke in June 2000, and the July 2000 sentencing hearing. Rule 34.6(f)(3) of the Texas
Rules of Appellate Procedure provides that a defendant is entitled to a new trial if, among
other things, a lost or destroyed reporter's record is "necessary to the appeal's resolution." 
In Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999), the Court of
Criminal Appeals decided that a defendant placed on deferred adjudication must appeal
issues relating to the original deferred adjudication proceeding when deferred adjudication
is first imposed. In Daniels v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000), the
Court relied on Manuel in holding that "the reporter's record from the original deferred
adjudication proceeding is not necessary to this appeal's resolution since appellant cannot
now appeal any issues relating to the original deferred adjudication proceeding." Id. at
408.

 The holdings in Manuel and Daniels are not absolute. Under the void judgment
exception, a defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding in an appeal from the revocation proceeding. 
See Nix v. State, 65 S.W.3d 664, 667-668 (Tex. Crim. App. 2001). As part of its
discussion of the exception, Nix specifically addresses the circumstance where a defendant
levels a no evidence challenge to the original plea proceeding, but the record contains no
court reporter's transcription of that hearing. Id. at 668-669. In that context, the
"conviction is not void, even though the record -- as far as it goes -- tends to support the
no evidence claim." Id. at 669 (footnote omitted). When there is no transcription of the
hearing, the court is unable to ascertain whether other evidence was introduced to support
the appellant's conviction. Id. (footnote omitted). As the Court explained, for a judgment
to be void, the record must leave no question about the existence of the fundamental
defect. Id. at 668. Here, Nuckols has failed to allege an error that would render the
original judgment of conviction void. He does not claim, for example, fundamental error,
does not make a no evidence challenge, and does not allege any other type of error that
may have occurred at the original plea proceeding. Since he alleges no error that would
render the judgment void, we find the exception does not apply. 

 Nuckols' other issues have no merit. As we understand his brief, he contends that
the PSI contains inaccuracies. However, the PSI report is not contained in the record, and
we cannot consider his assertions regarding it on appeal. See Belton v. State, 900 S.W.2d
886, 893 (Tex. App.--El Paso 1995, pet. ref'd). To the extent that Nuckols also raises
issues relating to the trial court's determination to adjudicate his guilt, he cannot appeal
from that determination. See Tex. Code Crim. Proc. Ann. art. 42.12 (5)(b) (Vernon
Supp. 2002). Further, if his brief is interpreted to raise issues concerning the punishment
phase, he has not preserved them. See Tex. R. App. P. 33.1(a). 

 We overrule Nuckols' issues and affirm the trial court's judgment. 

 AFFIRMED.

 _________________________________

 DAVID B. GAULTNEY 

 Justice

Submitted on March 22, 2002

Opinion Delivered April 10, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. We note that the clerk's record contains a document entitled "Agreed Punishment
Recommendation," which would appear to be a plea bargain. However, without a record
of the original plea proceeding and without any mention of a plea bargain in the deferred
adjudication order, the judgment adjudicating guilt, the reporters' record, or anywhere else
in the record, we cannot be certain the trial court accepted the plea agreement. Therefore,
we treat Nuckols' plea as an open plea.